UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Jose Mindael Galicia Diaz
(A-Number: A-213-266-203),

               Petitioner,

      v.

Warden of the Golden State Annex
Detention Facility; Current or Acting Field
Office Director, San Francisco Field Office,
United States Immigration and Customs
Enforcement; Current or Acting Director,
United States Immigration and Customs
Enforcement; Current or Acting Secretary,
United States Department of Homeland
Security; and Current or Acting United
States Attorney General,

               Respondents.

No.  1:26-cv-03434-KES-EGC (HC)

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND REQUIRING
BOND HEARING WITHIN SEVEN (7) DAYS

Doc. 1

Petitioner Jose Mindael Galicia Diaz is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 4.  The Court has previously addressed the legal issues raised by the petition.  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal.

1

Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 7. Petitioner was ordered removed in absentia years ago when he was a minor, due to his mother failing to appear at an immigration hearing, but an immigration judge recently granted petitioner's motion to reopen that order. Respondents argue that petitioner's re-detention without a pre-deprivation hearing was lawful because at the time petitioner was re-detained he was subject to 8 U.S.C. § 1231, which mandated his detention, and because petitioner was re-detained following an arrest for driving under the influence. Doc. 9. But respondents confirm that the "subsequent reopening of [petitioner's] removal order changed the detention authority," and that petitioner is not currently subject to a final order of removal. Doc. 9. at 1–3. Petitioner is thus not currently subject to § 1231. Respondents do not assert that petitioner was convicted of any state offense, and they do not argue that the statutory authority to detain petitioner shifted to 8 U.S.C. § 1226(c). Respondents "concede that under the framework this Court has previously adopted, Petitioner would be entitled to a bond hearing[.]" *Id.* at 3.

As respondents have not identified any pertinent factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

Respondents are ORDERED to provide petitioner Jose Mindael Galicia Diaz (A-Number:

2

A-213-266-203) with a bond hearing before a neutral decisionmaker within seven (7) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing.  At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence.  If respondents do not provide petitioner with a bond hearing within seven (7) days, then respondents must release him.[1]

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:    May 11, 2026    

_____
UNITED STATES DISTRICT JUDGE

---

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

3